UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LAVEL SMITH,

    Petitioner,         Hon. Robert J. Jonker

v.               Case No. 1:19-CV-202

UNKNOWN HEISNER,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Thomas Smith's Habeas Corpus Petition under 28 U.S.C. § 2241. (ECF No. 1). Pursuant to 28 U.S.C. § 636(b), the undersigned recommends that his petition be transferred to the United States District Court for the Northern District of Illinois.

## BACKGROUND

On or about May 17, 2012, a federal grand jury sitting in the Western District of Michigan charged Petitioner with conspiracy, fraud, and identity theft. *United States v. Smith*, 1:12-cr-138, ECF No. 23 (W.D. Mich.). A warrant authorizing Petitioner's arrest was issued the same day and Petitioner was arrested in Chicago, Illinois, on May 24, 2012. *Smith*, 1:12-cr-138, ECF No. 38. Petitioner's initial appearance before a United States judicial officer occurred in the Northern District of Illinois. *United v. Smith*, 1:12-cr-393, ECF No. 1-12 (N.D. Ill.). Petitioner

1

subsequently appeared in this Court where he was convicted and sentenced, in part, to serve 92 months in the custody of the United States Bureau of Prisons (BOP). *Smith*, 1:12-cr-138, ECF No. 64, 98.

On or about March 11, 2019, Petitioner filed in the Northern District of Illinois a Habeas Corpus Petition under 28 U.S.C. § 2241. (ECF No. 1). In his petition, Smith alleges the following. On June 19, 2018, he was transferred from the Oxford Prison Camp to the Salvation Army Halfway House in Chicago. On September 2, 2018, Petitioner provided a urine sample which tested positive for codeine, a violation of BOP rules. As a result, Petitioner was returned to custody and is presently confined at a BOP facility in Chicago. Petitioner filed the present action challenging the determination that he violated BOP rules.

On March 12, 2019, the Honorable Jeffrey Cole, interpreting the present action as a challenge by Petitioner to his 2012 conviction, concluded that "we do not have jurisdiction [over the present matter] since the case was transferred seven years ago to the Western District of Michigan." (ECF No. 2). Thus, the matter was transferred to this Court. For the reasons articulated below, however, the undersigned finds that jurisdiction properly lies in the Northern District of Illinois and, accordingly, recommends that the matter be transferred to that court.

## ANALYSIS

Two federal statutes, 28 U.S.C. §§ 2241 and 2255, confer jurisdiction on federal courts to resolve petitions for writ of habeas corpus filed by prisoners in federal custody. For present purposes, the relevant distinction between these two provisions is that § 2255 confers jurisdiction over challenges to the validity of a prisoner's conviction or sentence, whereas § 2241 confers jurisdiction over challenges to the manner of execution of a federal prisoner's sentence. *See, e.g., Cardona v. Bledsoe*, 681 F.3d 533, 535-36 (3d Cir. 2012). Jurisdiction over actions brought pursuant to § 2241 "lies in only one district: the district of confinement." *Ramos Perez v. Decker*, 355 F.Supp.3d 185, 187 (S.D.N.Y. 2019). On the other hand, actions brought pursuant to § 2255 must be heard by the court which imposed the conviction or sentence being challenged. *See, e.g., Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014). Thus, determining which statute applies to the present action is dispositive on the question where the present action must be heard.

The drug test that Petitioner is challenging was administered while Petitioner was residing at a halfway house in Chicago. Placement in a halfway house is a matter left to the BOP's discretion, *see, e.g., Henderson v. Davis*, 2010 WL 4627802 at *1 (D. Colo., Nov. 8, 2010), and a federal prisoner placed in a halfway house is considered to still be in the custody of the BOP. *See, e.g., United States v. Matthews*, 2015 WL 5918749 at *1 (W.D. Pa., Oct. 9, 2015). Thus, the challenge by Petitioner to the decision by the BOP to remove him from the halfway house and return him to

3

custody concerns not the validity of his sentence but rather the manner in which it is executed. *See, e.g., Matlack v. Wiley*, 2007 WL 4116017 at *1 (D. Colo., Nov. 16, 2007).

The present action is, therefore, properly considered under § 2241 rather than § 2255. Accordingly, because this Court lacks jurisdiction to resolve a petition asserted under § 2241 by a prisoner confined in another district, this matter must be transferred to the district in which Petitioner is confined. *See, e.g., Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*)**;** 28 U.S.C. § 1406(a).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that this matter be transferred to the United States District Court for the Northern District of Illinois.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: April 16, 2019

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge